IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., ) <br> 8001 Forbes Place ) <br> Suite 202 ) <br> Springfield, VA  22151 ) <br> ) <br> GUN OWNERS FOUNDATION ) <br> 8001 Forbes Place ) <br> Suite 202 ) <br> Springfield, VA 22151 ) <br> ) <br>            Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BUREAU OF ALCOHOL, TOBACCO, ) <br> FIREARMS & EXPLOSIVES, ) <br> 99 New York Avenue, N.E. ) <br> Washington, DC  20226 ) <br> ) <br>            Defendant. ) <br> _____) | Civil Action No. 21-cv-\_\_\_\_ |

## COMPLAINT

Gun Owners of America, Inc. and Gun Owners Foundation (together "Plaintiffs") bring this action against Defendant Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiffs allege the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Gun Owners of America is a California non-stock corporation with its principal place of business in Springfield, Virginia. Gun Owners of America is organized and operated as a non-profit membership organization, exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code. Gun Owners of America seeks to promote social welfare through informing and educating the public on and conducting activities in defense of the Second Amendment and the right to keep and bear arms.

4. Plaintiff Gun Owners Foundation ("GOF") is a Virginia non-stock corporation, with its principal place of business in Springfield, Virginia. GOF is organized and operated as a non-profit legal defense and educational foundation that is exempt from federal income taxes under Section 501(c)(3) of the U.S. Internal Revenue Code. GOF is supported by gun owners across the country.

5. Defendant Bureau of Alcohol, Tobacco, Firearms & Explosives is a law enforcement agency within the U.S. Department of Justice, a department of the United States Government, and is headquartered at 99 New York Avenue, N.E., Washington, D.C. 20226. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On April 28, 2021, Plaintiffs submitted an FOIA request, by e-mail, to the Disclosure Division within the ATF. *See* Exhibit A.

7. On the same date, Plaintiffs also submitted an essentially identical request to the Federal Bureau of Investigation ("FBI").

8. Plaintiffs' request to ATF sought records relating to any ATF efforts to utilize the

National Instant Criminal Background Check System ("NICS") system for the covert surveillance of individual American citizens, by monitoring their firearm purchases.

9. Specifically, Plaintiffs sought:

(a) records showing the number of individuals for whom ATF is requesting or has requested NICS monitoring, during the 12-month period preceding this request;
(b) records demonstrating the purpose(s) for which each individual has been monitored (*i.e.*, suspected straw purchases, false statements, etc.;
(c) records discussing the legality of NICS monitoring;
(d) records demonstrating the number of individuals prosecuted as a result of being 'monitored' by the program (criminal case docket numbers will suffice); and
(e) records demonstrating any reported unlawful or otherwise improper misuse of NICS monitoring by ATF personnel (or contractors of ATF)."

10. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to respond to Plaintiffs' FOIA requests within 20 working days of this request which was May 26, 2021. Defendant did not respond.

11. Plaintiffs were informed via letter dated August 24, 2021 that ATF had assigned their request Tracking Number 2021-0818. *See* Exhibit B. The ATF granted Plaintiffs' request for a fee waiver, but did not state whether it would comply with the FOIA, nor did it provide a date certain when Plaintiffs would receive records responsive to their FOIA request.

12. The statutory deadline has long passed, and Defendant has failed to provide a substantive response to Plaintiffs' FOIA request. As of the date of this Complaint, Defendant has failed to produce any responsive records or assert any claims that responsive records are exempt from production.

13. Tellingly, the FBI has already complied with Plaintiffs' substantively identical FOIA request, submitted the same day, and produced responsive documents to Plaintiff on August 30, 2021.

14. Since Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiffs are deemed to have fully exhausted any and all administrative remedies with respect to their FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

15. Plaintiffs are nonprofit organizations seeking information with which to inform and educate the public about the workings of government. Plaintiffs routinely publish and make publicly available information uncovered as a result of their FOIA requests. Release of the records requested is in the public interest.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

16. Plaintiffs reallege paragraphs 1 through 15 as though fully set forth herein.

17. ATF has failed to process and make a determination regarding Plaintiffs' April 28, 2021 FOIA request within the statutory time limit, and is unlawfully withholding records requested by Plaintiffs pursuant to 5 U.S.C. § 552.

18. Plaintiffs are being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant all appropriate relief for the violation of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Plaintiffs' FOIA request, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiffs' request;

  b.  An order and judgment requiring Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

  c.  An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Plaintiffs' FOIA request;

  d.  Attorneys' fees and costs to Plaintiffs pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

  e.  Any other relief that this Court in its discretion deems just and proper.

                /s/ Robert J. Olson
                Robert J. Olson
                (D.C. Bar No. 1029318 )
                Jeremiah L. Morgan
                (D.C. Bar No. 1012943)
                William J. Olson
                (D.C. Bar No. 233833)
                William J. Olson, P.C.
                370 Maple Avenue West, Suite 4
                Vienna, VA 22180-5615
                703-356-5070 (telephone)
                703-356-5085 (fax)
                wjo@mindspring.com (e-mail)

                */s/ Stephen D. Stamboulieh*
                Stephen D. Stamboulieh
                Stamboulieh Law, PLLC
                P.O. Box 428
                Olive Branch, MS 38654
                (601) 852-3440
                Stephen@sdslaw.us
                DC District Court Bar# MS00009

Dated: November 5, 2021         *Counsel for Plaintiffs*