UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, <br><br> *Defendant*. | Civil Action No. 21-2919 (ABJ) |

**DECLARATION OF GINAE E. BARNETT, ACTING CHIEF,
INFORMATION AND PRIVACY GOVERNANCE DIVISION,
<u>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES</u>**

1.      I am the Acting Chief of the Information and Privacy Governance Division ("IPG")

at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") within the Department of

Justice ("DOJ").  In this capacity, I am responsible for all records requests made of ATF under the

Freedom of Information Act ("FOIA"), 5 U.S.C. section 552, and the Privacy Act of 1974 ("PA"),

5 U.S.C. section 552a.  As part of these official duties, I oversee the processing of all FOIA and

PA records requests, which includes any searches relevant to such requests, and the determination

of what records should be disclosed.

2.      I am familiar with the procedures followed by IPG in responding to Plaintiff's

FOIA request.  I declare that the statements made herein are based on my personal knowledge,

acquired by review of the administrative file relating to Plaintiff's FOIA request or knowledge

otherwise obtained during the performance of my official duties.

1

**Plaintiff's FOIA Request**

3.      On April 28, 2021, Robert J. Olson, on behalf of Gun Owners of America

("GOA"), submitted via email to ATF a FOIA request for the following records related to ATF's

use of the National Instant Criminal Background Check System ("NICS"):

> (a) records showing the number of individuals for whom ATF is requesting or has
> requested NICS monitoring, during the 12-month period preceding this request;
>
> (b) records demonstrating the purpose(s) for which each individual has been monitored
> (i.e., suspected straw purchases, false statements, etc.);
>
> (c) records discussing the legality of NICS monitoring;
>
> (d) records demonstrating the number of individuals prosecuted as a result of being
> "monitored" by the program (criminal case docket numbers will suffice); and
>
> (e) records demonstrating any reported unlawful or otherwise improper misuse of NICS
> monitoring by ATF personnel (or contractors of ATF).

4.      ATF acknowledged receipt of GOA's FOIA request by letter dated August 24,

2021, and proceeded to search for responsive records.

5.      On November 5, 2021, GOA filed the complaint in this matter to "compel

compliance" with the FOIA.  Compl. at 1.

6.      ATF's search returned 4,559 potentially responsive documents.  ATF reviewed

the 4,559 potentially responsive documents and produced all responsive records in 13 monthly

productions.  The first 11 productions were the result of ATF's review of the 4,559 potentially

responsive documents.  Given the amount of time that had passed since production began, ATF

proactively re-checked records previously withheld in full pursuant to FOIA Exemption 7(A).

Productions 12 and 13 are the result of this effort.

### ATF's Inadvertent Production

7.     For this request, ATF used Adobe Acrobat to process responsive records.  In the "Redact" setting in Adobe, the processor applied redaction markings.  The processor marked information for redaction with red boxes and overlay text that indicated the statutory exemption that applies to each redaction.  The document remained in this format ("redout") – marked for redactions with exempt information visible – through the review and approval process.  Once approved at ATF, the redout file was transmitted to FBI for consultation in this format.  Upon final approval to release the file, the processor must select "Apply" to permanently remove the information marked for redaction. This action creates a second "redacted" document in addition to the "redout" document. That process was followed here, but the redout file was inadvertently attached to the email when production 13 was released on September 6, 2023.  The inadvertently produced PDF file contains hundreds of red boxes surrounding text that was intended to be redacted.  When a user moves the cursor above the red box, the box changes to black and the specific FOIA exemption provision is noted.

8.     On September 6, 2023, ATF sent Plaintiff's counsel an encrypted email to which was attached a cover letter and a PDF file that was intended to be the final production in this matter – Production 13.  *See* Attachment A, Production 13, September 6, 2023.  This file consists of 115 responsive pages from which information exempt from FOIA was marked for redaction on behalf of both ATF and the Federal Bureau of Investigation ("FBI") on virtually every page.  Due to the above-described file naming error, the file which was sent by ATF initially inadvertently contained unapplied redactions.

9.     On September 8, 2023, Plaintiff's counsel requested a revised redacted version of Production 13.  *See* Attachment B, 20230908 Email from Plaintiff's Counsel.  Within 30

minutes, both ATF and counsel for the Government realized that an inadvertent production had

been made, requested immediate remediation and that the inadvertently produced file be deleted.

*See* Attachment C, 20230908 0423 pm Email to Plaintiff's Counsel.  ATF also provided

Plaintiff's counsel with a properly redacted production.  *See* Attachment D, 20230908 0433 pm

Email to Plaintiff's Counsel.

10.     On September 10, 2023, ATF requested via email to Plaintiff's counsel written

confirmation that all copies of the inadvertent production were deleted.  ATF needed written

confirmation as evidence of the mitigation efforts to be set forth in its report of the incident to the

agency's privacy office.  *See* Attachment E, 20230910 Email to Plaintiff's Counsel.

11.     By email dated September 11, 2023, counsel for Plaintiff informed counsel for the

Government that he did "not have time today to consider much less respond to this request to

delete."  *See* Attachment F, 20230911 Email from Plaintiff's Counsel.  Given this response,

counsel for the Government advised Plaintiff's counsel that ATF planned to move for a

protective order.  *See* Attachment G, 20230911 Email to Plaintiff's Counsel.

12.     On September 12, 2023, a new counsel for Plaintiff emailed Government counsel

confirming that Plaintiff would oppose the protective order motion.  *See* Attachment H,

20230912 Email from new Plaintiff's Counsel.

**Exempt Information Contained Within the Inadvertent Production**

13.     Each production in this matter, generally, includes the same type of documents.

For each ATF request for NICS monitoring, there is an email or email string and an attachment.

The attachment for each case is a standard form completed by ATF agents regarding the

individual for which monitoring is being requested.  *See* Attachment I, Sample NICS Monitoring

Request.  On each form, an ATF agent inserts identifying information for the individual for

whom NICS monitoring is requested in connection with a criminal investigation and indicates whether the request is for a 30, 60, or 90-day monitoring period.

14.     NICS is the FBI's National Instant Criminal Background Check System used to determine if an individual is prohibited from purchasing a firearm.  It was established as a result of the Brady Handgun Violence Prevention Act of 1993.  ATF may obtain information from FBI NICS for civil or criminal law enforcement activities related to the Gun Control Act or the National Firearms Act.  Title 28 CFR section 25.9(b)(2)(i) specifically provides that "[i]nformation in the NICS Audit Log, including information not yet destroyed under Title 28 CFR § 25.9(b)(1)(iii), that indicates, either on its face or in conjunction with other information, a violation or potential violation of law or regulation, may be shared with appropriate authorities responsible for investigating, prosecuting, and/or enforcing such law or regulation…" Monitoring records is designed for suspects under investigation by ATF that are not otherwise prohibited.

15.     Each email includes the names, email addresses, and sometimes telephone numbers for multiple ATF and FBI agents and staff.  Most emails include the underlying investigative target's name and some discussion of the investigation.  The form attached to each email for each monitoring request includes information in response to the following fields/questions:

- Submit Date
- Requester Name
- Contact Number
- E-mail Address
- Case Number
- Name of Subject
- Date of Birth
- Gender
- Race
- Social Security Number

- FBI Number [FBI equity]
- State Record Number
- Miscellaneous Number(s)
- State of Residence
- Place of Birth
- Monitoring Time Frame
- Suspected violation(s) (Gun Control Act/National Firearms Act)
- Detailed information about why your subject is under investigation
- What do you know and how do you know it?

The final two bullets allow space for narrative responses.  The investigative details may include information furnished by witnesses or confidential sources, as well as firearm trace reports. Responses to the remaining items listed above are entered in chart format.

16.     In the inadvertent production, case-specific information provided by ATF agents in response to the fields/questions listed in paragraph 15 is marked for redaction (but still visible) pursuant to FOIA Exemptions 3, 5, 7C, 7D, and 7E.

**FOIA Exemption 3 and the Tiahrt Rider**

17.     FOIA Exemption 3 permits the withholding of information prohibited from disclosure by another statute only if one of two disjunctive requirements are met:  the statute either (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.  5 U.S.C. § 552(b)(3).

18.     Beginning in 2003, in a series of "Tiahrt Riders," Congress placed restrictions on ATF's disclosure of certain Gun Control Act-related information. The most recent iteration of these restrictions was included in the 2012 Appropriations Act. *See* Consolidated and Further Continuing Appropriations Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609–10 (2011) (codified at 18 U.S.C. § 923 note) (hereinafter "2012 Tiahrt Rider").

6

19.     The information marked for redaction pursuant to Exemption 3 are records of specific firearms traces conducted by ATF's National Tracing Center through information maintained in the ATF's Firearms Tracing System ("FTS") database.  For example, in completing the "Detailed information about why your subject is under investigation" section of the Monitoring form, an agent might include information from the FTS database that indicates that the target of the investigation has a history of purchasing firearms that are recovered at crime scenes not long after the target purchased them.  Congress expressly barred federal agencies from using appropriated funds to publicly disclose "part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of the Bureau of Alcohol, Tobacco, Firearms, and Explosives," Public Law 112-55, (125- Stat. 552), and therefore ATF marked for redaction pursuant to Exemption 3 of the FOIA all firearms trace information in Production 13.

20.     Public release of firearms trace information would create substantial risks that ongoing Federal, state, and local law enforcement investigations would be prematurely disclosed and could thereby jeopardize those investigations and potentially endanger undercover agents, and third parties, such as witnesses and confidential sources.  *See* H.R. 108-567 (Congress expressed "great concern" that release of trace data "would endanger law enforcement and homeland security, and violate the privacy of innocent citizens and businesses").

**Information Withheld Under**
**FOIA Exemptions 6, 7(C), and 7(D) to Protect Individual Privacy**

21.     FOIA Exemption 6 protects personally identifiable information located in personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  This FOIA exemption for privacy requires a

balancing of the individual's right to personal privacy against the public's interest in shedding light on an agency's performance of its statutory duties.

22.     FOIA Exemption 7(C) is very similar to Exemption 6, but it only applies to records compiled for law enforcement purposes.  ATF is a federal law enforcement agency with a mandate to enforce federal firearms laws, and the records produced were created as part of criminal investigations to enforce those laws.  In fact, agents were required to indicate the case number of the criminal investigation pursuant to which the monitoring request was made on the request form.

23.     FOIA Exemption 7(C) exempts from disclosure material that could reasonably be expected to disclose the identity of a confidential source, including a state, local, or foreign agency or authority, or any private institution which furnished information on a confidential basis.  Exemption 7(D) recognizes that information furnished by third parties cooperating with federal, state, or local law enforcement investigations is, by its very nature, confidential. Significantly, the statute affords protection from disclosure for all information furnished by third-party sources, as well as the actual identity of the cooperating individual, if there has been an explicit assurance of confidentiality, or circumstances exist from which such an assurance could reasonably be inferred.  *See* 5 U.S.C. § 552(b)(7)(D).

24.     The privacy protections afforded through Exemption 7(C) are much broader than those available under FOIA Exemption 6.  Significantly, under Exemption 7(C), the government agency need only show that the information could *reasonably* be expected to constitute an unwarranted invasion of privacy.  As such, an agency is not required to affirmatively demonstrate that the information would clearly amount to an unwarranted invasion of privacy, as

is necessary when denying access to information in non-law enforcement records under FOIA Exemption 6.

25.     One hundred fourteen (114) of the 115 pages in the inadvertently produced file include the personally identifiable information ("PII") of ATF agents and personnel, FBI agents and personnel, subjects of criminal investigations, associates of criminal investigations, and/or citizens who provided information to the Government in support of a criminal investigation. Many pages include social security numbers and birth dates of subjects of criminal investigations, email addresses, street addresses, cell phone numbers, relationships between subjects of criminal investigations and others including family members, and allegations of wrongdoing by subjects of criminal investigations.  ATF applied minimal redactions as necessary to prevent the disclosure of information that might reveal the identities of third parties within law enforcement records.

26.     After carefully reviewing the information that was withheld for privacy reasons under FOIA Exemptions 6, 7(C), and 7(D),  I determined that the public's interest in gaining access to the information in these law enforcement records does not outweigh the privacy interests of the individuals named, identified, or discussed within these records.  Agents and employees of the FBI and ATF whose PII was marked for redaction in the inadvertently produced file are in a position of access to information regarding official law enforcement investigations, and therefore could become a target of harassing inquiries for unauthorized access to investigations and/or investigative data if their PII was released.  The revelation of the identities of other individuals whose PII was marked for redaction in the inadvertently produced file would put each of those individuals at risk of potential embarrassment or harassment that might reasonably result from being associated with a federal criminal investigation.  Moreover,

those viewed as assisting law enforcement could be subject to retaliation.  Thus, these

individuals maintain substantial privacy interest in not having their PII disclosed in this context.

In contrast, ATF concluded no public interest would be served by disclosing this PII to the

general public because it would not, itself, significantly increase the public's understanding of

the government's operations and activities.  Accordingly, after balancing the individuals'

substantial privacy interests against the non-existent public interest, ATF properly attempted to

protect the names and identifying information of these individuals pursuant to Exemptions 6,

7(C), and 7(D).

**Information Withheld Under**
**FOIA Exemption 7(E) to Protect Law Enforcement Techniques**

27.     FOIA Exemption 7(E) exempts from mandatory disclosure records or information

compiled for law enforcement purposes when production of such records or information "would

disclose techniques and procedures for law enforcement investigations or prosecutions or would

disclose guidelines for law enforcement investigations or prosecutions if such disclosure could

reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  This

exemption affords categorical protection to techniques and procedures used in law enforcement

investigations; it protects techniques and procedures that are not well-known to the public as well

as non-public details about the use of well-known techniques and procedures.

28.     The information in the inadvertently produced file that was withheld pursuant to

Exemption 7(E) reveals specific law enforcement procedures and techniques used in this

investigation and reveals various law enforcement file numbers and codes which are primarily

used to store and retrieve law enforcement information.  Disclosure of this information could

enable individuals outside of the agency to circumvent agency functions and gain access to

sensitive investigative information.

29.    I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of September 2023.


GINAE BARNETT    Digitally signed by GINAE
BARNETT
Date: 2023.09.13 15:36:41 -04'00'
_____
Ginae E. Barnett
Acting Chief
Information and Privacy Governance Division

ATTACHMENT A

| From: | ██████████ (ATF) |
|---|---|
| To: | Rob Olson; ██████████; ██████████ |
| Cc: | Tepe, Sean (USADC) |
| Bcc: | ██████████ (ATF) |
| Subject: | [encrypt] NICS Monitoring Final Productions |
| Date: | Wednesday, September 6, 2023 4:49:00 PM |
| Attachments: | 20230906 Response Letter 2021-0818 Monthly Update 12 - doc release.pdf |
| | NICS Final Response Rolling Predution 12.pdf |
| | 20230906 Response Letter 2021-0818 Monthly Update & Doc Release 13.pdf |
| | NICS Final Response Rolling Production 13 (2021-0818).pdf |

Hi Rob,

We completed our review of the responsive documents, including a second round of review for documents previously withheld pursuant to 7A. Please see attached.

If you have any questions or concerns, please contact AUSA Sean Tepe.

Thanks,

██████



Attorney Advisor

Information and Privacy Governance Division

Bureau of Alcohol, Tobacco, Firearms and Explosives

99 New York Avenue, NE

Washington, DC 20226

Office: ██████████

Cell: ██████████

██████████████

ATTACHMENT B

| | |
|---|---|
| **From:** | Rob Olson |
| **To:** | ████ (ATF) |
| **Cc:** | Tepe, Sean (USADC) |
| **Subject:** | Re: [EXTERNAL] Re: NICS Monitoring Final Productions |
| **Date:** | Friday, September 8, 2023 4:09:33 PM |

Hi ████ --

Can I get a *redacted* version of the final Production #13?

Best,

Rob

On Wed, Sep 6, 2023 at 5:20 PM ████ (ATF) ████ wrote:

> Phew! Thanks. My apologies for the inconvenience. I really hate when the system does this.
>
>
>
> **From:** Rob Olson ████
> **Sent:** Wednesday, September 6, 2023 5:18 PM
> **To:** ████ (ATF) ████
> **Cc:** ████; ████; Tepe, Sean (USADC) ████
> **Subject:** [EXTERNAL] Re: NICS Monitoring Final Productions
>
>
>
> I figured it out.  I was emailed a code.  Please disregard.
>
> Rob
>
>
>
> On Wed, Sep 6, 2023 at 5:13 PM Rob Olson ████ wrote:
>
>> Hi ████ --
>>
>> The link you sent is asking me to register with a password and asking for a validation code.  Is there a PDF you can send?
>>
>> Best,
>>
>> Rob
>>
>>
>>
>> On Wed, Sep 6, 2023 at 4:51 PM ████ (ATF) ████ wrote:
>>
>>> This is a secure message.

<u>Click here</u> by 2023-09-11 20:51 UTC to read your message.
After that, open the attachment.

<u>More Info</u>

**Disclaimer**:  This email and its content are confidential and intended solely for the use of the addressee. Please notify the sender if you have received this email in error or simply delete it.

Secured by Proofpoint Encryption, Copyright © 2009-2021 Proofpoint, Inc. All rights reserved.

ATTACHMENT C

| From: | Tepe, Sean (USADC) |
|---|---|
| To: | Rob Olson: ██████████ (ATF) |
| Subject: | RE: [EXTERNAL] Re: NICS Monitoring Final Productions |
| Date: | Friday, September 8, 2023 4:23:05 PM |

Rob – It seems there was an inadvertent production.  Would you please delete any copy that you may have downloaded?  ATF will send you a replacement production.  Thank you for alerting us to this mistake.


Sean M. Tepe
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
601 D Street NW | Washington, D.C. 20530
████████████ | ████████████████████


**From:** Rob Olson ████████████████████████
**Sent:** Friday, September 8, 2023 4:08 PM
**To:** ████████████ (ATF) ████████████████
**Cc:** Tepe, Sean (USADC) ████████████████████
**Subject:** Re: [EXTERNAL] Re: NICS Monitoring Final Productions

Hi ████ --
Can I get a *redacted* version of the final Production #13?
Best,
Rob

On Wed, Sep 6, 2023 at 5:20 PM ████████████ (ATF) ████████████████████ wrote:

> Phew! Thanks. My apologies for the inconvenience. I really hate when the system does this.
>
> **From:** Rob Olson ████████████████████████
> **Sent:** Wednesday, September 6, 2023 5:18 PM
> **To:** ████████████ (ATF) ████████████████
> **Cc:** ████████████████ ; ████████████████ ; Tepe, Sean (USADC) ████████████████████
> **Subject:** [EXTERNAL] Re: NICS Monitoring Final Productions
>
> I figured it out.  I was emailed a code.  Please disregard.
> Rob
>
> On Wed, Sep 6, 2023 at 5:13 PM Rob Olson ████████████████████████ wrote:
>
>> Hi ████ --
>> The link you sent is asking me to register with a password and asking for a validation code.  Is

there a PDF you can send?

Best,

Rob

On Wed, Sep 6, 2023 at 4:51 PM ████████████ (ATF) ████████████████ wrote:

> This is a secure message.
>
> Click here by 2023-09-11 20:51 UTC to read your message.
> After that, open the attachment.
>
> More Info

Disclaimer: This email and its content are confidential and intended solely for the use of the addressee. Please notify the sender if you have received this email in error or simply delete it.

Secured by Proofpoint Encryption, Copyright © 2009-2021 Proofpoint, Inc. All rights reserved.

ATTACHMENT D

| | |
|---|---|
| **From:** | ███████████ (ATF) |
| **To:** | Tepe, Sean (USADC); Rob Olson |
| **Bcc:** | ███████████ (ATF) |
| **Subject:** | Re: NICS Monitoring Final Productions |
| **Date:** | Friday, September 8, 2023 4:32:00 PM |
| **Attachments:** | NICS Rolling Production 13 (2021-0818) - FINAL.pdf |

Rob,

Please accept my apologies for the error. I really appreciate you letting us know and thank you in advance for deleting the inadvertently produced records. Please see attached for the proper version of production 13.

Thanks,
██

---

**From:** Tepe, Sean (USADC) ███████████████
**Sent:** Friday, September 8, 2023 4:23 PM
**To:** Rob Olson ████████████████████; ████████████ (ATF) ███████████████
**Subject:** RE: [EXTERNAL] Re: NICS Monitoring Final Productions

Rob – It seems there was an inadvertent production.  Would you please delete any copy that you may have downloaded?  ATF will send you a replacement production.  Thank you for alerting us to this mistake.


Sean M. Tepe
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
601 D Street NW | Washington, D.C. 20530
█████████████ | █████████████████

---

**From:** Rob Olson ████████████████████
**Sent:** Friday, September 8, 2023 4:08 PM
**To:** ████████████ (ATF) ███████████████
**Cc:** Tepe, Sean (USADC) ████████████████
**Subject:** Re: [EXTERNAL] Re: NICS Monitoring Final Productions

Hi ████ --
Can I get a *redacted* version of the final Production #13?
Best,
Rob

On Wed, Sep 6, 2023 at 5:20 PM ████████ (ATF) ██████████████ wrote:

Phew! Thanks. My apologies for the inconvenience. I really hate when the system does this.

---

**From:** Rob Olson █████████████████████████████
**Sent:** Wednesday, September 6, 2023 5:18 PM
**To:** █████████████ (ATF) ████████████████████
**Cc:** ██████████████████; ██████████████; Tepe, Sean (USADC) ████████████████████
**Subject:** [EXTERNAL] Re: NICS Monitoring Final Productions

I figured it out.  I was emailed a code.  Please disregard.
Rob

On Wed, Sep 6, 2023 at 5:13 PM Rob Olson ████████████████████████████ wrote:

> Hi ██████ --
> The link you sent is asking me to register with a password and asking for a validation code.  Is
> there a PDF you can send?
> Best,
> Rob
>
> On Wed, Sep 6, 2023 at 4:51 PM ████████████ (ATF) ███████████████████████ wrote:
>
>> This is a secure message.
>>
>> [Click here](#) by 2023-09-11 20:51 UTC to read your message.
>> After that, open the attachment.
>>
>> [More Info](#)
>>
>> **Disclaimer**:  This email and its content are confidential and intended solely for the use of the
>> addressee. Please notify the sender if you have received this email in error or simply delete
>> it.
>>
>> Secured by Proofpoint Encryption, Copyright © 2009-2021 Proofpoint, Inc. All rights
>> reserved.

ATTACHMENT E

**From:** ████████ (ATF)
**To:** Tepe, Sean (USADC); Rob Olson
**Subject:** RE: [EXTERNAL] Re: NICS Monitoring Final Productions
**Date:** Sunday, September 10, 2023 5:04:00 PM

Hi Rob,

Can you please confirm in writing that you deleted any copy of the inadvertent production that you may have downloaded? Due to the significant privacy interests in the material that was inadvertently released, we need to file a report with the privacy office and they will want to know that we did everything we could to mitigate the breach.

Thanks again for letting us know,



---

**From:** Tepe, Sean (USADC) ███████████
**Sent:** Friday, September 8, 2023 4:23 PM
**To:** Rob Olson ████████████████; ████████ (ATF) ████████████
**Subject:** RE: [EXTERNAL] Re: NICS Monitoring Final Productions

Rob – It seems there was an inadvertent production. Would you please delete any copy that you may have downloaded? ATF will send you a replacement production. Thank you for alerting us to this mistake.

Sean M. Tepe
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
601 D Street NW | Washington, D.C. 20530
████████████ | ████████████████

---

**From:** Rob Olson ██████████████████
**Sent:** Friday, September 8, 2023 4:08 PM
**To:** ████████ (ATF) ████████████
**Cc:** Tepe, Sean (USADC) ████████████
**Subject:** Re: [EXTERNAL] Re: NICS Monitoring Final Productions

Hi ████ --
Can I get a *redacted* version of the final Production #13?
Best,
Rob

On Wed, Sep 6, 2023 at 5:20 PM ████████ (ATF) ████████████████ wrote:

Phew! Thanks. My apologies for the inconvenience. I really hate when the system does this.

**From:** Rob Olson ████████████████████████
**Sent:** Wednesday, September 6, 2023 5:18 PM
**To:** ████████████ (ATF) ████████████████
**Cc:** ████████████████; ████████████; Tepe, Sean (USADC) ████████████████
**Subject:** [EXTERNAL] Re: NICS Monitoring Final Productions

I figured it out.  I was emailed a code.  Please disregard.
Rob

On Wed, Sep 6, 2023 at 5:13 PM Rob Olson ████████████████████████ wrote:

> Hi ████ --
> The link you sent is asking me to register with a password and asking for a validation code.  Is
> there a PDF you can send?
> Best,
> Rob
>
> On Wed, Sep 6, 2023 at 4:51 PM ████████████ (ATF) ████████████████████ wrote:
>
>> This is a secure message.
>>
>> Click here by 2023-09-11 20:51 UTC to read your message.
>> After that, open the attachment.
>>
>> More Info
>>
>> **Disclaimer**: This email and its content are confidential and intended solely for the use of the
>> addressee. Please notify the sender if you have received this email in error or simply delete
>> it.
>>
>> Secured by Proofpoint Encryption, Copyright © 2009-2021 Proofpoint, Inc. All rights
>> reserved.

ATTACHMENT F

| | |
|---|---|
| **From:** | Tepe, Sean (USADC) |
| **To:** | Rob Olson |
| **Subject:** | RE: [EXTERNAL] Re: NICS Monitoring Final Productions |
| **Date:** | Monday, September 11, 2023 3:04:00 PM |

Rob,

ATF is working on a draft JSR, which is due tomorrow, not today.  But the content of the JSR depends, in part, on your response to ATF's request to delete and confirm deletion of the inadvertently released materials.  Further, if you do not confirm deletion of the materials, ATF plans to move for a protective order by end of the day tomorrow seeking such relief.  Therefore, per Local Civil Rule 7(m), please provide plaintiff's position on  the protective order motion.


Sean M. Tepe
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
601 D Street NW | Washington, D.C. 20530
████████████ | ████████████████



**From:** Rob Olson ███████████████████████████
**Sent:** Monday, September 11, 2023 1:12 PM
**To:** Tepe, Sean (USADC) ███████████████████
**Subject:** Re: [EXTERNAL] Re: NICS Monitoring Final Productions

Sean --
I do not have time today to consider much less respond to this request to delete what I was sent. But I believe we have a JSR due today, are you able to prepare something?
Rob

On Fri, Sep 8, 2023 at 4:23 PM Tepe, Sean (USADC) ████████████████████ wrote:

> Rob – It seems there was an inadvertent production.  Would you please delete any copy that you may have downloaded?  ATF will send you a replacement production.  Thank you for alerting us to this mistake.
>
>
> Sean M. Tepe
> Assistant United States Attorney
> United States Attorney's Office for the District of Columbia
> 601 D Street NW | Washington, D.C. 20530
> ████████████ | ████████████████

**From:** Rob Olson ████████████████████████
**Sent:** Friday, September 8, 2023 4:08 PM
**To:** ████████████ (ATF) ████████████████
**Cc:** Tepe, Sean (USADC) ████████████████
**Subject:** Re: [EXTERNAL] Re: NICS Monitoring Final Productions

Hi ████ --
Can I get a *redacted* version of the final Production #13?
Best,
Rob

On Wed, Sep 6, 2023 at 5:20 PM ████████████ (ATF) ████████████████ wrote:

> Phew! Thanks. My apologies for the inconvenience. I really hate when the system does this.
>
> ---
>
> **From:** Rob Olson ████████████████████████
> **Sent:** Wednesday, September 6, 2023 5:18 PM
> **To:** ████████████ (ATF) ████████
> **Cc:** ████████████████ ; ████████████████ Tepe, Sean (USADC) ████████████████
> **Subject:** [EXTERNAL] Re: NICS Monitoring Final Productions
>
> I figured it out.  I was emailed a code.  Please disregard.
> Rob
>
> On Wed, Sep 6, 2023 at 5:13 PM Rob Olson ████████████████████████ wrote:
>
>> Hi ████ --
>> The link you sent is asking me to register with a password and asking for a validation code.  Is there a PDF you can send?
>> Best,
>> Rob
>>
>> On Wed, Sep 6, 2023 at 4:51 PM ████████████ (ATF) ████████████████ wrote:
>>
>>> This is a secure message.
>>>
>>> [Click here](#) by 2023-09-11 20:51 UTC to read your message.
>>> After that, open the attachment.
>>>
>>> [More Info](#)

**Disclaimer**:  This email and its content are confidential and intended solely for the use of the addressee. Please notify the sender if you have received this email in error or simply delete it.

Secured by Proofpoint Encryption, Copyright © 2009-2021 Proofpoint, Inc. All rights reserved.

ATTACHMENT G

| | |
|---|---|
| **From:** | Tepe, Sean (USADC) |
| **To:** | Rob Olson |
| **Subject:** | RE: [EXTERNAL] Re: NICS Monitoring Final Productions |
| **Date:** | Monday, September 11, 2023 3:04:00 PM |

Rob,

ATF is working on a draft JSR, which is due tomorrow, not today.  But the content of the JSR depends, in part, on your response to ATF's request to delete and confirm deletion of the inadvertently released materials.  Further, if you do not confirm deletion of the materials, ATF plans to move for a protective order by end of the day tomorrow seeking such relief.  Therefore, per Local Civil Rule 7(m), please provide plaintiff's position on  the protective order motion.


Sean M. Tepe
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
601 D Street NW | Washington, D.C. 20530
███████████ | ██████████████████



**From:** Rob Olson ████████████████████████████████
**Sent:** Monday, September 11, 2023 1:12 PM
**To:** Tepe, Sean (USADC) ███████████████████
**Subject:** Re: [EXTERNAL] Re: NICS Monitoring Final Productions

Sean --
I do not have time today to consider much less respond to this request to delete what I was sent.
But I believe we have a JSR due today, are you able to prepare something?
Rob

On Fri, Sep 8, 2023 at 4:23 PM Tepe, Sean (USADC) ████████████████████ wrote:

> Rob – It seems there was an inadvertent production.  Would you please delete any copy that you may have downloaded?  ATF will send you a replacement production.  Thank you for alerting us to this mistake.
>
>
> Sean M. Tepe
> Assistant United States Attorney
> United States Attorney's Office for the District of Columbia
> 601 D Street NW | Washington, D.C. 20530
> ███████████ | ██████████████████

**From:** Rob Olson ███████████████████████
**Sent:** Friday, September 8, 2023 4:08 PM
**To:** ████████████ (ATF) █████████████
**Cc:** Tepe, Sean (USADC) ██████████████
**Subject:** Re: [EXTERNAL] Re: NICS Monitoring Final Productions

Hi ████ --
Can I get a *redacted* version of the final Production #13?
Best,
Rob

On Wed, Sep 6, 2023 at 5:20 PM ███████████ (ATF) ████████████ wrote:

> Phew! Thanks. My apologies for the inconvenience. I really hate when the system does this.
>
> ---
>
> **From:** Rob Olson ███████████████████
> **Sent:** Wednesday, September 6, 2023 5:18 PM
> **To:** ████████████ (ATF) ██████████
> **Cc:** ████████████ ; ████████████ Tepe, Sean (USADC) █████████████████
> **Subject:** [EXTERNAL] Re: NICS Monitoring Final Productions
>
> I figured it out.  I was emailed a code.  Please disregard.
> Rob
>
> On Wed, Sep 6, 2023 at 5:13 PM Rob Olson ████████████████████ wrote:
>
>> Hi ████ --
>> The link you sent is asking me to register with a password and asking for a validation code.  Is there a PDF you can send?
>> Best,
>> Rob
>>
>> On Wed, Sep 6, 2023 at 4:51 PM ████████████ (ATF) ████████████████ wrote:
>>
>>> This is a secure message.
>>>
>>> [Click here](#) by 2023-09-11 20:51 UTC to read your message.
>>> After that, open the attachment.
>>>
>>> [More Info](#)

**Disclaimer**:  This email and its content are confidential and intended solely for the use of the addressee. Please notify the sender if you have received this email in error or simply delete it.

Secured by Proofpoint Encryption, Copyright © 2009-2021 Proofpoint, Inc. All rights reserved.

ATTACHMENT H

| From: | Tepe, Sean (USADC) |
|---|---|
| To: | George L. Lyon |
| Cc: | Rob Olson |
| Subject: | RE: GOA v. ATF (D.D.C.) |
| Date: | Tuesday, September 12, 2023 1:23:00 PM |

Thank you for your email.  Nice to meet you electronically.

If I understand you correctly, you suggested a possible "limited statement" about the current dispute that the parties might agree to.  ATF is happy to explore that if you or Rob want to send back a redline of the JSR.  If that isn't feasible then we can have separate defendant and plaintiff statements.

As for the contemplated protective order motion, to be clear, ATF plans to move for an order that at least "until this Court enters a judgment on the merits of the parties' Freedom of Information Act claims in this case, Plaintiff and its counsel shall sequester the September 6, 2023, inadvertently produced records and contents of those records and shall not disseminate, disclose, or use those records or the contents of those records."  ATF will note plaintiff's opposition in its moving papers.

Regards,

Sean M. Tepe
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
601 D Street NW | Washington, D.C. 20530
████████████ | ████████████████

---

**From:** George L. Lyon ████████████████████
**Sent:** Tuesday, September 12, 2023 10:29 AM
**To:** Tepe, Sean (USADC) ████████████████
**Cc:** Rob Olson ████████████████████████
**Subject:** [EXTERNAL] GOA v. ATF (D.D.C.)
**Importance:** High

Mr. Tepe:

Good morning.

Please refer all further communications regarding ATF's planned motion for protective order to my office, as I will be representing the Plaintiffs and Mr. Olson with respect to that issue.

We write to ensure that the record is clear. We made a FOIA request for documents

to which we were lawfully entitled, and ATF provided us documents which failed to redact certain information that purportedly should have been redacted, such as Social Security Numbers.

We immediately saw the problem created by ATF's negligent disclosure, and have not made any dissemination of these documents to others. Instead, we notified you that we had received such documents, and sought a new copy of the documents which redacted information such as Social Security Numbers, so that we could share the documents with the public.

Rather than recognizing the reasonableness of these actions, you instead responded by repeatedly demanding destruction of the documents, confirmed in writing. You have stated that if we do not confirm destruction in writing, you will move for a protective order limiting their use (seemingly a different thing than wholesale destruction). However, our review of these documents demonstrates that they may, like other documents received in this FOIA, and perhaps to a greater extent, reveal unauthorized or even illegal activity by ATF and the FBI, violating statutory requirements and jeopardizing the constitutional rights of federal firearms licensees and other Americans.

Thus, we are concerned that, if we agree to your proposal and destroy the documents in our possession, those unauthorized or even illegal activities will be covered up by ATF. We do not agree voluntarily to be complicit in such a coverup.

You have asked for our position on a protective order. We oppose. Moreover, should you seek such an order, it would be entirely inappropriate for you to do so ex parte, or on some emergency basis. Rather, we would suggest that you advise the district court in your motion that there is no need for urgency (as you seem to believe there is), as we have made and will make no dissemination of the documents until we have a final court resolution as to what may be done with the records.

Again, the error here is the government's alone, and we will resist any effort to make it appear that we have done anything wrong, or that ATF is somehow the "good guy" here by, under the guise of protecting certain private information that it negligently disclosed, attempting to coverup its potential violations of statutes and constitutional rights.

Finally, to the extent that you apparently feel the need to begin briefing the issue of a protective order in the draft JSR you sent, that is certainly not the place for it. We do not agree to join any statement by ATF about what its "intent" was, or whether its negligent disclosure was a "mistake" or "inadvertent," and selectively quoting from Mr. Olson's email to you. To the extent that you wish to include this

information in the JSR, it should be in a "Defendant's Position," after which we will add a "Plaintiffs' Position."

However, to the extent that you wish to present the facts, and not your characterization of the facts, we suggest a limited statement to the effect that ATF disclosed information it believes it should not have, and intends to seek a protective order.

I will be away from email for the next couple of hours. You may contact me by phone at ███████ and by text at that number in the meantime.

Regards,

George L. Lyon, Jr.

ATTACHMENT I

**To:**      (b) (6), (b) (7)(C)
**From:**    (b) (6), (b) (7)(C)
**Sent:**    Wed 1/27/2021 10:01:33 PM
**Subject:** NICS Monitoring Request for (b) (6), (b) (7)(C)
NICS Monitoring flag on (b) (6), (b) (7)(C) .docx

Good afternoon,

This email is being sent to request NICS monitoring of a suspected straw purchaser/firearms trafficker, (b) (6), (b) (7)(C).  Please see the attached NICS Monitoring flag request, which is attached.

Please let me know if anything else is needed for this request.

Thanks,



(b) (6), (b) (7)(C)
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives
Birmingham Field Office
920 18th Street North
Birmingham, AL 35203
Fax:  (b) (6), (b) (7)(C)
Cell: (b) (6), (b) (7)(C)

**ATF Investigations Information Form for
Monitoring Firearms Purchasers in NICS**

Date    1/27/2021

| | |
|---|---|
| Agent /IOI | (b) (6), (b) (7)(C) Special Agent |
| Contact Number | (b) (6), (b) (7)(C) |
| E-mail Address | (b) (6), (b) (7)(C) |
| ATF Case Number* | 776010-21-0051 |
| Name of Suspect | (b) (6), (b) (7)(C) |
| Date of Birth | (b) (6), (b) (7)(C) |
| Gender | F |
| Race | B |
| Social Security Number | (b) (6), (b) (7)(C) |
| FBI Number | (b)(6), (b)(7)(C) - per FBI |
| State Record Number | |
| Miscellaneous Number(s) | |
| State of Residence | Alabama |
| Place of Birth | |

*Requestor may not use general case numbers

- **Please list all violations that are applicable.** Suspected violation(s) (GCA/NFA):

18 USC § 922(a)(6)
18 USC § 371 to 18 USC § 922(g)(1)
18 USC § 922(a)(1)(A)
18 USC § 924(n)
18 USC § 924(b)

- **Detailed information about why subject is under investigation:**
  (Example:  How do you know the subject is a straw purchaser?  How is the suspect violating the law?)

(b) (6), (b) (7)(C) (B/F, DOB: (b) (6), (b) (7)(C)) has (b)(3) (112 Pub. L. 55, 125 Stat. 552) . In
(b)(3) (112 Pub. L. 55, 125 Stat. 552), (b)(6), (b)(7)(C)

Upon observing these suspicious multiple sales in e-Trace and initiating a case on (b) (6), (b) (7)(C) ATF Agents
decided to retrieve video surveillance footage from the Federal Firearm Licensees (FFL).  For three of

the multiple sale purchases, video surveillance footage was still available. When ATF Agents viewed the video surveillance footage from each FFL, a different unknown black male was observed with ███ picking out the firearms and then ███ making the purchases. This type of behavior is indicative of straw purchasing/firearms trafficking.

Additionally, when ATF Agents retrieved video surveillance footage from Simmons Sporting Goods, they were notified that ███ was recently denied a firearm/multiple sale purchase. This purchase was not a denial by the NICS branch, but instead by the firearm salesman at the FFL, because he believed ███ was conducting a straw purchase. Again, ███ was accompanied for this attempted purchase. It should also be noted that after ███ was denied at Simmons Sporting Goods for the alleged straw purchase, (b)(3) (112 Pub. L. 55, 125 Stat. 552), (b)(6), (b)(7)(C) ███ Video surveillance footage showed ███ with an unknown black male.

On January 26, 2021, ATF Agents interviewed ███ at her employment. ███ had not contacted ATF Agents back after attempted knock and talks at her residence. ███ claimed she had receipts to firearms and that she would have to get back with ATF Agents, so serial numbers could be verified. ATF (b) (7)(E) ███ ███ produce the firearms for purposes of confirming her possession. At this time, the firearms have not been verified in ███ possession.

███ did report that (b) (6), (b) (7)(C) ███, is an otherwise prohibited person and thus cannot possess firearms. ███ is likely in possession of some of the firearms, as he was one of the individuals observed in video surveillance footage, which was confirmed by ███ ███ claimed ███ was always with her, but the individuals from the video surveillance footage appear to be different black males.

ATF Agents are continuing to investigate ███ for her firearm purchases, but would like a NICS Monitoring flag, so additional evidence, such as video surveillance footage can be retrieved when she makes a purchase.

- **Detailed information about the investigation. What do you know and how do you know it. Write this portion as if you are writing an affidavit:**

(b) (6), (b) (7)(C) (B/F, DOB: ███ (b)(3) (112 Pub. L. 55, 125 Stat. 552)
(b)(3) (112 Pub. L. 55, 125 Stat. 552), (b)(6), (b)(7)(C)
███

Upon observing these suspicious multiple sales in e-Trace and initiating a case on ███ ATF Agents decided to retrieve video surveillance footage from the Federal Firearm Licensees (FFL). For three of the multiple sale purchases, video surveillance footage was still available. When ATF Agents viewed the video surveillance footage from each FFL, a different unknown black male was observed with ███ picking out the firearms and then ███ making the purchases. This type of behavior is indicative of straw purchasing/firearms trafficking.

Additionally, when ATF Agents retrieved video surveillance footage from Simmons Sporting Goods, they were notified that ███ was recently denied a firearm/multiple sale purchase. This purchase was

not a denial by the NICS branch, but instead by the firearm salesman at the FFL, because he believed ████ was conducting a straw purchase.  Again, ████ was accompanied for this attempted purchase. It should also be noted that after ████ was denied at Simmons Sporting Goods for the alleged straw purchase, (b)(3) (112 Pub. L. 55, 125 Stat. 552), (b)(6), (b)(7)(C) ████ Video surveillance footage showed ████ with an unknown black male.

On January 26, 2021, ATF Agents interviewed ████ at her employment. ████ had not contacted ATF Agents back after attempted knock and talks at her residence. ████ claimed she had receipts to firearms and that she would have to get back with ATF Agents, so serial numbers could be verified.  ATF (b) (7)(E) ████ produce the firearms for purposes of confirming her possession.  At this time, the firearms have not been verified in ████ possession.

████ did report that (b) (6), (b) (7)(C) ████, is an otherwise prohibited person and thus cannot possess firearms. ████ is likely in possession of some of the firearms, as he was one of the individuals observed in video surveillance footage, which was confirmed by ████ ████ claimed ████ was always with her, but the individuals from the video surveillance footage appear to be different black males.

ATF Agents are continuing to investigate ████ for her firearm purchases, but would like a 90 –day NICS Monitoring flag, so additional evidence, such as video surveillance footage can be retrieved when she makes a purchase.

### Time period for NICS to monitor for subject's transactions

Starting Date:__present date_____     30 days _____     60 days _____     90 days _X____

**Note:**  The request must be renewed after period elapses.

The ATF requestor must fill out the attached request form and e-mail it to the Denial Enforcement and NICS Intelligence (DENI) Branch FBI NICS Liaison (b) (6), (b) (7)(C). If you have any questions, e-mail (b) (6), (b) (7)(C) at (b) (6), (b) (7)(C) ████ or call at (b) (6), (b) (7)(C).

**Note:**  Monitoring requires a manual daily search by the FBI/ATF Liaison, ████ and backup ████ ████  If you no longer need a flag on your suspect, please e-mail (b) (6), (b) (7)(C), ████ at (b)(6), (b)(7)(C), (b)(7)(E) - per FBI and ████ at (b)(6), (b)(7)(C), (b)(7)(E) - per FBI