UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BUREAU OF ALCOHOL, TOBACCO, ) <br> FIREARMS AND EXPLOSIVES, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 21-2919 (ABJ) |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") asks this Court to claw back documents that ATF disclosed through FOIA, but which contain various pieces of unredacted information that ATF now claims should not have been disclosed.

ATF asked this Court to grant it this extraordinary relief on an expedited basis.[1] A short time ago, the Court entered a minute order instructing Plaintiffs to respond substantively by this Tuesday, September 19, 2023.

However, ATF failed to provide the Court with all the relevant facts in its motion. Indeed, ATF's counsel filed its request for expedited relief only hours after Plaintiffs' counsel assured ATF's counsel that no dissemination of the unredacted records at issue had been made or would be made until ATF's motion is resolved. *See* ECF #20-1 at 36. While ATF's filing includes selective quotations from various of counsel's communications, it entirely omits any reference to

---

[1] Pursuant to LCvR 7(m), undersigned counsel conferred with Defendant's counsel with respect to extending Plaintiffs' time to file a substantive response to Defendant's motion. Defendant opposes Plaintiffs' requested relief.

1

yesterday's extensive email, choosing instead to light a five-alarm fire seemingly in an attempt to provoke the Court to rule before full briefing and argument can take place. On the contrary, "a request for protective relief in a FOIA case is an 'extraordinary' ask that should not be granted as a matter of course." *Cowan v. FCC*, No. 21-cv-895-RMM, 2022 U.S. Dist. LEXIS 166363, at *46 (D.D.C. Sept. 15, 2022).

No such alarm is warranted, and expedited treatment would operate to Plaintiffs' detriment. For starters, one of Plaintiffs' counsel is overseas, while the other counsel and his entire family this week tested positive for Covid, leaving he and his wife not only sick, but without childcare. Additionally, those same attorneys have obligations in numerous other cases, including forthcoming deadlines in at least three other federal cases pending against this very Defendant, challenging ATF rulemakings and actions. While ATF may prefer to distract Plaintiffs' counsel from those other complex cases and force them to respond here on an expedited basis, that would be wholly unjustified.

Consideration of ATF's "extraordinary" request is no emergency matter. On the contrary, a response to ATF's motion will require significant and detailed briefing from Plaintiffs and careful consideration by this Court.

First, while it is true there have been some court orders which have prohibited further *use* of or *dissemination* of certain information, ATF here seeks (at bottom) "*deletion*" of that information (arguing that, "as a practical matter," that is the same thing, ECF #20 at 7 n.2).

Second, Plaintiffs intend to consider whether ATF's request here would violate First Amendment rights by operating as a gag order on the press, a form of prior restraint that has almost no precedent in American law.

Third, as ATF's motion acknowledges, this Court also will be required to evaluate the unapplied redactions themselves, some of which seem to constitute material evidence of an ongoing program of statutory and constitutional violations by ATF which, as a result of this case, has already received significant coverage not only from the press but also garnered interest by members of Congress. To the extent that Plaintiffs are correct that ATF's warrantless surveillance of gun owners is unlawful, and ATF asks this Court to facilitate ATF's effort to cover its tracks, Plaintiffs are not aware of any legal authority for this Court to order the destruction of evidence of government impropriety.

Finally, ATF no doubt would prefer to have this Court focus on bits information that ATF failed to redact and which must be held, have been held, and will be held confidential, such as Social Security numbers, birth dates, and similar personal information. But ATF counsel knew well before filing its motion that there is no risk of disclosure by Plaintiffs' counsel.

Neither Plaintiffs nor their counsel are in some mad rush to fraudulently open new credit cards with the information. On the contrary, it is the mission of Plaintiff *organizations **to protect** the rights and privacy of gun owners **against** the government*.

All of these (and other) issues must be resolved by this Court before it rules on ATF's unprecedented request, which should occur only after full briefing by the parties.

But again, there is no emergency here. Plaintiffs' counsel clearly and directly communicated to ATF that no dissemination of the records at issue will occur prior to this Court's resolution of ATF's motion. ATF's continued demand for expedited treatment, while omitting relevant information, is therefore baseless, frivolous, and vexatious.

For the reasons set forth above, Plaintiffs respectfully ask this Court to find that good cause exists to issue a briefing schedule that will allow Plaintiffs' counsel to return, recover, regroup, and

prepare briefing on the numerous constitutional and statutory questions raised by ATF's motion. Defendant has been advised of the filing of this motion, but as of the time of the filing of this motion, has not expressed a definitive position with respect to grant thereof.

To that end, Plaintiffs respectfully request up to and including through Friday, October 13, 2023 (30 days) to respond substantively to Defendants' motion.

                              Respectfully submitted,

                              By: /s/ George L. Lyon, Jr.

                              George L. Lyon, Jr. (D.C. Bar No. 388678)
                              Bergstrom Attorneys
                              4000 Legato Road, Suite 1100
                              Fairfax, VA 22033
                              202-669-0442, fax 202-483-9267
                              gll@bergstromattorneys.com
                              Counsel for plaintiffs

September 14, 2023

### CERTIFICATE OF SERVICE

    I, George L. Lyon, Jr., a member of the bar of this court, certify that I served the foregoing document on all counsel of record for Defendant via the Court's electronic filing system, this 14th day of September 2023.

/s/ George L. Lyon, Jr., DC Bar 388678