UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, <br><br> Defendant. | Civil Action No. 21-2919 (ABJ) |

**REPLY IN SUPPORT OF**
**DEFENDANT'S EXPEDITED MOTION FOR PROTECTIVE ORDER**

The sole question before the Court is whether it should exercise its inherent authority in managing the instant Freedom of Information Act ("FOIA") litigation to shield from further dissemination, disclosure, and use records containing intended but unapplied FOIA exemption redactions inadvertently produced by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") until the Court can decide any challenges to those exemptions at summary judgment. The briefing on ATF's Expedited Motion for Protective Order (ECF No. 20) demonstrates that the exercise of such authority would be appropriate under the present circumstances.

First, Plaintiffs' Opposition (ECF No. 28) agrees that on September 6, 2023, ATF made a "production contain[ing] FOIA redactions that were indicated, but not actually made." Opp. at 2. The intended FOIA redactions were "indicated" by red boxes surrounding text and containing an overlay that indicated the specific FOIA exemption(s) provision being claimed. Declaration of Ginae Barnett ("Barnett Decl."), ECF No. 20-1, ¶ 7. Within twenty-three minutes of learning of the inadvertent production, ATF produced a replacement thirteenth production containing the

intended redactions permanently applied. *Id*. ¶ 9, Attachment D. Thus, there is no reasonable dispute that there was an inadvertent production of information ATF claims as exempt from disclosure under FOIA.

Second, Plaintiffs' Opposition also does not credibly dispute that the 115-page inadvertent production contains information that was intended to be withheld as exempt pursuant to 5 U.S.C. § 552(b)(3), (6), (7)(C), 7(D), and/or (7)(E). Barnett Decl. ¶¶ 13-28, Attachment I. Further, the Opposition states "neither Plaintiffs nor counsel have any interest in" certain categories of information that have been withheld under various FOIA exemptions. *See* Opp. at 18.

Third, Plaintiffs' Opposition further acknowledges that "courts generally have agreed that they possess certain 'inherent powers' that can be employed" where there is an inadvertent production of materials in response to a FOIA request. Opp. at 4-5. Again, ATF demonstrated in its Motion that multiple judges in this District have issued orders similar or identical to ATF's Proposed Order under similar circumstances of an inadvertent production of information in response to a FOIA request. *See* Mot at 5-7; *see also Cowan v. FCC*, Civ. A. No. 21-895 (RMM), 2022 U.S. Dist. LEXIS 166363, at *42-48 (D.D.C. Sept. 15, 2022) (concluding "[i]t is clear from these cases that this Court can grant the FCC protective relief" and ordering plaintiff and her counsel "shall not disclose, disseminate, or make use" of the inadvertent production pending an ultimate decision at summary judgment).[1]

---

[1] Plaintiffs' reliance on *100Reporters v. Dep't of State*, 602 F. Supp. 3d 41, 84 (D.D.C. 2022), does not alter the calculus. That decision represents a rejection on the insufficient argumentation of the agency in that case rather than a rejection of the powers of the court to issue a protective order like the one requested here. That court simply concluded that "a single sentence on the final page of a [summary judgment] reply brief" was "unconvincing" and insufficient "at least as developed to date" to justify a return of records mistakenly released during that FOIA litigation. *Id*. Thus, the request was denied without prejudice. *Id*. at 85.

Under the foregoing circumstances, it is an appropriate use of the Court's inherent authority to issue the proposed protective order "to preserve the claimed exemptions as if there was no inadvertent production at least until the Court can decide the merits of any FOIA challenges" in a motion for summary judgment. Mot. at 7. Plaintiffs' attempt to capitalize on the inadvertent production in advance of fulsome summary judgment briefing should be rejected.

Plaintiffs' arguments to the contrary are plainly unpersuasive. For example, one of those arguments mischaracterizes ATF's September 6 release. Plaintiffs refer to the release as "voluntarily disclosed government records," Opp. at 19, 20, even though Plaintiffs elsewhere acknowledge that the records released to it on September 6 "contained FOIA redactions that were indicated, but not actually made." *Id*. at 2. An inadvertent production is "qualitatively different" than a disclosure "due to a conscious choice." *Pub. Citizen Health Rsch. Grp. v. FDA*, 953 F. Supp. 400, 404 (D.D.C. 1996) (rejecting plaintiff's argument against FDA's protective order motion).

Another line of argument is based on repeatedly misstating the scope of relief sought in ATF's Motion. Specifically, Plaintiffs state that ATF is presently seeking a court order that Plaintiffs destroy the inadvertently produced records. *See* Opp. at 5, 18-19, 22. As the Proposed Order accompanying the Motion demonstrates, that is not the case. *See* ECF No. 20-2.

Plaintiffs also argue, illogically, that the Court's September 18, 2023, Minute Order has "barred [Plaintiffs] from discussing the public's interest in the documents in question," while arguing that there is "significant public interest" in the records requested by their FOIA. Opp. at 11, 16. Of course, public interest in the records generally does not necessarily translate to public interest in certain specific information contained in those records. Further, public interest may or may not be a relevant factor in the FOIA exemption analysis depending on the exemption at issue.

Exemption 3, one of the exemptions claimed in the September 6 inadvertent production, encompasses information prohibited from disclosure by statute.  5 U.S.C. § 552(b)(3).  Public interest is not a factor in the Exemption 3 analysis.  Nor is it a factor in other ATF claimed exemptions, namely Exemptions 7(D) and 7(E), which protect confidential source information and law enforcement techniques and procedures, respectively.  *Id*. § 552(b)(7)(C), (E).  Further, Plaintiffs agree that "there is no public interest in dissemination" for at least some of the information inadvertently disclosed, *see* Opp. at 21, yet nonetheless oppose the protective order.  In sum, Plaintiffs' generalized assertion of "public interest" divorced from the claimed exemptions is not a basis for denying the limited protective order sought by ATF in advance of summary judgment.

Elsewhere, Plaintiffs try to label ATF's motion as a "prior restraint" of speech prohibited by the First Amendment, but the "only cases of which Plaintiffs are aware which have dealt with a First Amendment claim in an 'inadvertent disclosure' FOIA case," Opp. at 21, explicitly rejected the First Amendment-based arguments against a protective order.  In *Public Citizen*, the court ruled that a "protective order prohibiting [plaintiff] from disseminating or using the information . . . will not infringe on any First Amendment concern" because, in part, the "order is only temporary in nature" and the agency's initial disclosure was inadvertently released.  953 F. Supp. at 404.  In *ACLU v. Dep't of Def.*, Civ. A. No. 09-8071, 2012 U.S. Dist. LEXIS 194264, at *10 n.2 (S.D.N.Y. Mar. 20, 2012), the court rejected plaintiffs' First Amendment argument as "irrelevant" to whether the document was exempt.  Ultimately, the court "direct[ed] Plaintiffs to return all copies" of the inadvertently produced document after granting the Government's motion for summary judgment and finding the document was properly exempt under FOIA Exemption 1.  *Id*. at *14-15.  The

issue is not one of Plaintiffs' speech but rather ensuring that the Court—and not Plaintiffs or Plaintiffs' counsel—decides the scope of any public disclosure under the FOIA.

And approximately a third of Plaintiffs' Opposition is devoted to a discussion of Plaintiffs' views concerning the legality of the federal government's use of the National Instant Criminal Background Check System.  *See* Opp. at 8-16.  But, as Plaintiffs note in the first sentence of the Opposition brief, "[t]his case involves a [FOIA] Request," and such arguments about the legality of government programs is beyond whether the Court should issue a protective order in this FOIA case.[2]

ATF respectfully requests that the proposed protective order be granted.  To the extent Plaintiffs believe any information in the inadvertent production, as well as the other redacted productions, is not exempt under the FOIA, then the parties should move on to summary judgment briefing regarding any disputed exemptions.

Dated: October 20, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/  Sean Tepe*
SEAN M. TEPE, DC Bar #1001323
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2533
sean.tepe@usdoj.gov

*Counsel for the United States of America*

---

[2]  ATF declines to address these arguments because they are irrelevant to the issue before the Court, not because ATF accepts Plaintiffs' assertions.