UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GUN OWNERS OF AMERICA, INC, et al., | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No. 21-2919 (ABJ) |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, | ) ) ) ) ) |  |
| Defendant. | ) ) |  |

## ORDER

Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") has filed an expedited motion for a protective order to shield from dissemination, disclosure, or use certain unredacted material that was inadvertently produced to plaintiffs in response to a Freedom of Information Act ("FOIA") request. *See* Def.'s Expedited Mot. for Protective Order and Mem. in Support [Dkt. # 20] ("Mot.") at 1, 3. In light of the Court's implied power to issue a temporary protective order for inadvertently produced FOIA materials, the Court will grant defendant's motion for a protective order and order plaintiffs to temporarily sequester the file until a decision regarding defendant's proposed withholding of portions of the records can be made on the merits.

## BACKGROUND

Defendant alleges that on September 6, 2023, in its thirteenth production made to plaintiffs, it inadvertently produced to plaintiffs' counsel a 115-page PDF file of material that did not include the redactions the defendant intended to assert on the grounds that portions of the records were

exempt under FOIA.[1]  Mot. at 1; Pls.' Opp. to Mot. [Dkt # 28] ("Opp.") at 2 ("[The] ATF production contained FOIA redactions that were indicated, but not actually made.").  When defendant learned of its mistake, it asked plaintiffs' counsel to delete the inadvertent production. Mot. at 2; Opp. at 2.  Approximately twenty minutes later, defendant sent a new, redacted version of the 115-page production, and again asked plaintiffs' counsel to delete the file.  Mot. at 2.  After approximately three days, defendant advised that if plaintiffs would not confirm deletion of the file, it would move for a protective order in this Court.  *Id.*  Defendant filed its motion on September 13, 2023.  *See* Mot.  Plaintiffs oppose the motion, and the matter has been fully briefed. *See* Mem. in Opp. to Mot. [Dkt # 28] ("Opp."); Reply to Opp. [Dkt # 29] ("Reply").

**ANALYSIS**

Although FOIA does not specifically provide for protective orders or the compelled return or destruction of inadvertently produced material, *see generally* 5 U.S.C. § 552, federal courts have "long 'understood that certain implied powers must necessarily result to our Courts of justice from the very nature of their institution,' which 'are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Hum. Rts. Def. Cntr. v. United States Park Police*, 2023 WL 5561602, at *6 (D.D.C. Aug. 29, 2023), citing *Wilson v. FCC*, 2022 WL 4245485, at *5 (D.D.C. Sept. 15, 2022). These implied powers have been routinely used by courts in this district to prevent the dissemination of information that has been inadvertently disclosed by the government in a FOIA proceeding, particularly if the information is arguably covered by a FOIA exemption.  *Id.*, citing *Wilson*, 2022 WL 4245485 at *16 (ordering plaintiff not to disclose, disseminate, or make

---

[1]  Defendant asserts that it has made limited redactions pursuant to FOIA exemptions 3, 6, and 7(C)-(E).  *See* Mot. at 4.

use of the inadvertent disclosure pending further briefing and resolution of the propriety of agency's withholding); *Pub. Citizen Health Rsch. Grp. v. FDA.*, 953 F. Supp. 400, 404 (D.D.C. 1996) (granting temporary protective order prohibiting the dissemination of inadvertently disclosed information and finding this would not infringe on First Amendment concerns because it was temporary in nature).  A court's implied power to manage its own affairs is "limited by the necessity giving rise to its exercise," and its use must be "a reasonable response to the problems and needs that provoke it."  *Degen v. United States*, 517 U.S. 820, 823–24, 829 (1996).

Plaintiffs argue that the proper standard for FOIA clawback cases requires the court to consider whether the unredacted material serves "no discernible public interest," or whether it can be "reasonably . . . expected to harm" an interest that FOIA exemptions seek to protect.  Opp. at 7, citing *Hum. Rts. Def. Cntr.*, 2023 WL 5561602 at *6; *Wilson*, 2022 WL 4245485 at *15.  However, it is not apparent from plaintiffs' cited cases that this standard should apply to *temporary* protective orders controlling inadvertently disclosed information,[2] which is what defendant is requesting, or whether it should instead be limited to permanent bars on dissemination.  *See Wilson*, 2022 WL 4245485 at *15 ("[C]ourts may appropriately issue *temporary* protective orders controlling mistakenly disclosed information.") (emphasis in original); Mot. at 3.

---

2      Plaintiffs also cite *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 174 (2004), for the proposition that "once there is disclosure, the information belongs to the general public."  Opp. at 4.  But *Favish* is plainly inapplicable to the case at hand because it dealt with information that had been *properly disclosed*, not inadvertently produced.  *See Rocky Mountain Wild, Inc. v. United States Forest Serv.*, 56 F.4th 913, 930 (10th Cir. 2022) ("[A]n agency cannot tell a FOIA requester who it can share records with once the agency *properly discloses* the records.") (emphasis added); *see also Pub. Citizen Health Rsch. Grp.*, 953 F. Supp. at 404 (distinguishing "the proposition that once the government has put information into the public domain, a court is powerless to stop publication of such information" from a situation in which the government "*inadvertently* inserted . . . information into the public domain.") (emphasis in original).

In any event, considering the nature of defendant's described redactions – which include birth dates, social security numbers, and contact information for law enforcement, among other confidential and protected information – the material sought to be protected suggests that it *would* be reasonably expected to harm defendant's interests under FOIA. *See* Mot. at 4. Further, because a protective order would only be in place pending a resolution on the merits of any challenges to defendant's invocation of FOIA exemptions, the Court finds that no harm will flow from an order preventing dissemination of the redacted material unless and until it determines that it is not covered by an exemption and should be disclosed pursuant to typical FOIA procedures. *See Pub. Citizen Health Rsch. Grp.*, 953 F. Supp. at 404. Accordingly, the Court concludes that a protective order is warranted.

## CONCLUSION

For all of these reasons, defendant's motion for a protective order [Dkt. # 20] is hereby **GRANTED,** and it is further

**ORDERED** that, until further order of this Court, plaintiffs and their counsel (1) shall sequester the September 6, 2023, inadvertently produced FOIA records and the contents of those records, and (2) shall not disseminate, disclose, or use for any purpose those records or the contents of those records.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  October 30, 2023