UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, <br><br> *Defendant*. | Civil Action No. 21-2919 (ABJ) |

**JOINT STATUS REPORT**

Pursuant to the Court's September 13, 2023, Minute Order, the Parties respectfully file the following status report in this Freedom of Information Act ("FOIA") matter in which Plaintiffs have requested records from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The parties hereby state as follows:

1. On April 28, 2021, Plaintiffs submitted a FOIA request to ATF seeking records related to ATF's monitoring of individuals via the National Instant Criminal Background Check System ("NICS") Audit Log Review. *See* Compl. (ECF No. 1) ¶ 6; Exhibit A.

2. ATF completed its response to Plaintiff's FOIA request on September 8, 2023.

3. Since the last Joint Status Report, the parties briefed ATF's Motion for Protective Order arising from a production on September 6, 2023, of 115 responsive pages of FOIA records that contained unapplied redactions. On October 30, 2023, the Court granted the motion and ordered that "until further order of this Court, plaintiffs and their counsel (1) shall sequester the September 6, 2023, inadvertently produced FOIA records and the contents of those records, and (2) shall not disseminate, disclose, or use for any purpose those records or the contents of those records."

**Plaintiffs' Position**

Plaintiffs do not intend to challenge the exemptions invoked with respect to redactions made on Productions 1-12 that Defendant processed and produced to Plaintiffs. Likewise, Plaintiffs do not intend to challenge the FOIA redactions that could have been claimed, but were not made, on Production 13. Thus, Plaintiffs do not believe that summary judgment briefing is needed in this matter.

However, Plaintiffs expect that Defendant has sought and/or will seek from this Court a permanent protective order preventing the dissemination or use of the unredacted version of Production 13. Plaintiffs oppose any such request. To the extent that the issue of whether to issue a permanent protective order remains before the Court, Plaintiffs intend to renew their request to file briefing under seal and/or request that the Court conduct an *in camera* review of certain pages from Production 13. Plaintiffs also intend to renew the legal arguments made in their briefing in Plaintiffs' Opposition to Defendant's Motion for Protective Order (ECF #28), both in opposing issuance of any permanent protective order, and also in order to preserve the arguments for potential appellate review.

**Defendant's Position**

Although Plaintiffs have indicated that they do not intend to challenge any of the exemptions claimed by ATF in any of the thirteen productions it made, ATF nonetheless intends to move for summary judgment. That is because a motion for summary judgment will protect against any future contention that ATF has waived its position that the records inadvertently produced on September 6, 2023, without applied redactions are exempt from disclosure and not in the "public domain." ATF's motion will supply the Court with the information necessary to enter judgment that the intended to be redacted information in production number 13 (which was

2

subsequently redacted in a replacement production) is properly exempt from public disclosure. ATF anticipates that its motion will be supported by the Federal Bureau of Investigation ("FBI"), which has equities in the information redacted as exempt from disclosure. The equities of the FBI, which operates the National Instant Criminal Background Check System, cannot be waived through an inadvertent disclosure of another agency. Thus, ATF's motion will also provide the Court with the factual and legal basis to order permanent relief with respect to the inadvertently produced records that will withstand appellate scrutiny.

Therefore, ATF respectfully requests that the Court order the parties to submit a briefing schedule for summary judgment.

Dated November 14, 2023         Respectfully submitted,

/s/ Robert J. Olson
Robert J. Olson (D.C. Bar No. 1029318)
Jeremiah L. Morgan (D.C. Bar No. 1012943)
William J. Olson (D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
wjo@mindspring.com ( e-mail)


/s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh, DC District Court Bar# MS00009
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
Stephen@sdslaw.us

*Counsel for Plaintiffs*

        MATTHEW M. GRAVES, D.C. Bar No. 481052
        United States Attorney

        BRIAN P. HUDAK
        Chief, Civil Division

By:    */s/ Sean Tepe*
        SEAN M. TEPE, DC Bar #1001323
        Assistant United States Attorney
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-2533
        sean.tepe@usdoj.gov

        *Counsel for Defendant*