UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GUN OWNERS OF AMERICA, INC, et al.,

Plaintiffs,

v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES,

Defendant.

Civil Action No. 21-2919 (ABJ)

**DEFENDANT'S SUPPLEMENTAL BRIEF**

Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), supported by consulting agency Federal Bureau of Investigation ("FBI"), by and through undersigned counsel, and in accordance with the Court's March 12, 2025, Minute Order, respectfully submits this supplemental brief regarding "the effect of the D.C. Circuit's opinion in *Human Rights Defense Center v. United States Park Police*, 126 F.4th 708 (D.C. Cir. 2025), on defendant's pending motion for summary judgment."

The short answer is that the Circuit's opinion does not prevent the Court from granting summary judgment or ordering relief consistent with its judgment. In *Human Rights Defense*, the Circuit reversed the District Court's entry of summary judgment in favor of the Park Police when it concluded that the agency failed to satisfy its burden under Freedom of Information Act ("FOIA") Exemption 6 to withhold the names of Park Police officers involved in three tort settlements. *Id*. at 712. The Circuit then vacated the District Court's accompanying order "not to disclose, disseminate, or make use of" the officers' names that had been inadvertently disclosed in two documents the agency had produced. *Id*. at 717-19. The Circuit concluded that the District Court erred in relying on its "inherent judicial authority" as a basis for its so-called clawback order

to "fill a perceived hole in the FOIA statute," which does not contain a provision specifically authorizing the clawback of inadvertently produced documents. *Id*. at 718.

The Circuit's ruling is consistent with the unremarkable principle that a "district court lacks inherent power, equitable or otherwise, to exempt materials that FOIA itself does not exempt." *Maricopa Audubon Soc. v. U.S. Forest Serv.*, 108 F.3d 1082, 1087 (9th Cir. 1997).  To allow the clawback order in *Human Rights Defense* to stand would have effectively exempted information that the Circuit found was not exempt under FOIA.  Here, the Government has argued in the pending motion for summary judgment that all material claimed by ATF and the FBI as exempt in the Inadvertently Produced Document[1] are in fact exempt.  In briefing that motion, Plaintiffs have effectively conceded that ATF and the FBI made appropriate redactions and exemption claims. *See generally* ECF No. 33 (Pl.'s Response to Summ. J.); 34 (Def.'s Summ. J. Reply).  Therefore, ATF does not expect there to be a situation in which there is an order in place that is inconsistent with a FOIA exemption determination.

Another significant distinction between *Human Rights Defense* and the instant case is the existence of material covered by FOIA Exemption 3, which protects from disclosure information that is "specifically exempted from disclosure by statute."  5 U.S.C. § 552(b)(3).  In *Human Rights Defense*, the Circuit stated "we express no opinion" on how "any independent legal prohibition on disclosure such as applies to classified documents . . . could affect the analysis" of a clawback order. *Human Rights Def.*, 126 F.4th at 719.

As explained in ATF's summary judgment motion and not disputed by Plaintiffs, *see generally* ECF No. 33, ATF redacted information derived from ATF's Firearms Tracing System

---

[1]     Inadvertently Produced Document refers to the 115-page PDF document ATF sent on September 6, 2023, containing hundreds of redaction markings in red boxes for FOIA exemptions being claimed by ATF and the FBI but which did not have the redactions permanently applied.

database pursuant to Exemption 3 because Congress mandated in a series of appropriations riders that "no funds appropriated under this or any other Act may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of the [ATF]." *See* ECF No. 32 at 5-6 (quoting Consolidated and Further Continuing Appropriations Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609–10 (2011)). Plaintiffs do not dispute that this provision of the appropriations laws prohibits ATF from disclosing information from the Firearms Trace System database and that it is covered by Exemption 3. *See also id* at 6; *see generally* ECF No. 33.

Notably, Congress did not grant an exception to its disclosure prohibition where there is a FOIA processing mistake. Information derived from ATF's Firearms Tracing System database is exempt from disclosure and does not become disclosable by virtue of a FOIA processing mistake. This principle was made clear in *Mobley v. CIA*, 806 F.3d 568, 583-84 (D.C. Cir. 2015), wherein the Circuit concluded that a "simple clerical mistake in FOIA processing" does not constitute a prior official public disclosure and waiver, in that case, of a *Glomar* response. Only "information that is already in the public domain due to official disclosure" can be the basis of a waiver of ATF's right to claim Exemption 3. *Id*. at 583; *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990). Under this Circuit's law, the ATF FOIA processor's mistake of sending the "redout" version of the file instead of the "blackout" version with the indicated FOIA redactions applied does not constitute an official public disclosure. *See* ECF No. 32 at 16-17 (citing cases).

If the Court finds the redacted information at issue in this case to be exempt from disclosure, then it would be inconsistent with the FOIA statute for Plaintiffs to be allowed to treat that information as not exempt. FOIA exemptions are "a scheme of categorical exclusion" that does not permit "a judicial weighing of the benefits and evils of disclosure on a case-by-case

basis." *FBI v. Abramson*, 456 U.S. 615, 631 (1982) ("Once it is established that information was compiled pursuant to a legitimate law enforcement investigation and that disclosure of such information would lead to one of the listed harms, the information is exempt.").

Because it found the Park Police failed to satisfy Exemption 6, the Circuit did not need to confront the inconsistency of a ruling that found material exempt yet also allowed a third party to treat the material as not exempt. Rather, the Circuit was focused solely on the District Court's reliance on its "inherent authority" to issue a clawback order, reasoning that "fill[ing] a perceived hole in the FOIA statute" was not a "core judicial authority." *Human Rights Def.*, 126 F.4th at 718. In contrast, this Court may rely on its authority to enforce its judgments, and nothing in *Human Rights Defense* precludes this Court from ordering that the redacted information of ATF and the FBI is exempt and that Plaintiffs treat the "redout" information in the Inadvertently Produced Document as exempt. "Courts invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities." *Degen v. United States*, 517 U.S. 820, 823 (1996); *Peacock v. Thomas*, 516 U.S. 349, 356 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution."); *Marshall v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Inc.*, 593 F.2d 1297, 1302 (D.C. Cir. 1979) ("The power of a federal court to protect and enforce its judgments is unquestioned.").

Further, FOIA vests this Court with "equitable powers" to "enforc[e] [FOIA's] terms." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988). Congress made "the District Court the enforcement arm of [FOIA]" with "the express vesting of equitable jurisdiction in the district court," citing 5 U.S.C. § 552(a), and there is "little to suggest . . . that Congress

sought to limit the inherent powers of an equity court." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974). Among FOIA terms are Congress's carefully chosen exemptions from disclosure, some of which allow no agency discretion for disclosure. *See* 5 U.S.C. § 552(b). Failing to order Plaintiffs to comply with its exemption judgments would create a loophole through which Plaintiffs, not the law of FOIA, control the further disclosure and use of non-public information, thereby directly undermining the effectiveness of the Court's summary judgment ruling and its ability to "enforce[e] [FOIA's] terms*." See Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 846 F.3d 1235, 1242 (D.C. Cir. 2017) ("This circuit's case law reflects the wide latitude courts possess to fashion remedies under FOIA, including the power to issue prospective injunctive relief.").

Significantly, the Circuit in *Human Rights Defense* did not address the district court's equitable power to enforce its judgments generally, to enforce the terms of the FOIA statute specifically, or to enforce Congress' independent legal prohibition on the disclosure of certain records. Nor did the Circuit consider or address how its ruling could be squared with the Circuit's previous precedent regarding clerical mistakes, official public disclosures, and waiver.

Finally, it is important to recall that the Inadvertently Produced Document contains hundreds of redactions throughout the single PDF file. If Plaintiffs were free to open that file to view or use any portion of the Inadvertently Produced Document, it effectively allows Plaintiffs to view or use all the information in that file, including information Congress exempted from disclosure, information redacted by another agency (the FBI), and information implicating the privacy interests of third parties.

- 5 -

Dated: March 26, 2025
        Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney


By: _____ */s/ Sean Tepe* _____
        SEAN M. TEPE, D.C. Bar #1001323
        Assistant United States Attorney
        601 D Street, NW
        Washington, DC 20530
        (202) 252-2533

*Attorneys for the United States of America*

- 6 -