UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>Defendant. | Civil Action No. 21-2919 (ABJ) |

**DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION TO LIFT PROTECTIVE ORDER**

Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), supported by consulting agency Federal Bureau of Investigation ("FBI"), by and through undersigned counsel, respectfully submits this opposition to Plaintiffs' Motion to Lift Protective Order ("Motion"; ECF No. 36).

Plaintiffs purport to bring this Motion based on the D.C. Circuit's recent ruling in *Human Rights Defense Center v. United States Park Police*, 126 F.4th 708 (D.C. Cir. 2025), which is already the subject of court-ordered supplemental briefing. *See* March 12, 2025, Minute Order. Plaintiffs argue that "the D.C. Circuit's opinion governs and forecloses the protective order in place here[.]" ECF No. 36 at 3. It does not.

First, the order in *Human Rights Defense* was not a *temporary* protective order, which is the order Plaintiffs move to lift. Here, the Court ordered "plaintiffs to temporarily sequester the [inadvertently produced] file until a decision regarding defendant's proposed withholding of portions of the records can be made on the merits." ECF No. 30 (Order) at 1, 4 (Order limited to "until further order of this Court"). The order was explicitly issued in aid of the Court's jurisdiction

and statutory authority to decide the scope of withholdings under the Freedom of Information Act ("FOIA"). This Court previously concluded that Plaintiffs had failed to establish that the Court lacked the power to issue a "*temporary* protective order," *id*. at 3 (emphasis in original), and Plaintiffs' Motion now likewise fails to explain how this Court lacks the power to issue a temporary protective order in aid of its ability to issue a subsequent ruling in this judicial proceeding on the merits of FOIA exemptions from disclosure.

In fact, the Circuit in *Human Rights Defense* acknowledged that district courts have "well-established authority to manage judicial proceedings" under Article III of the Constitution. *Human Rights Def*., 126 F.4th at 717. This includes the inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 718 (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991)). The Circuit has explained that the exercise of inherent authority "should reflect our judicial system's strong presumption in favor of adjudications on the merits." *Shepherd v. Am. Broad. Companies, Inc*., 62 F.3d 1469, 1475 (D.C. Cir. 1995). As demonstrated above, the Court's temporary order was aimed at ensuring that it had the opportunity to adjudicate on the merits the question of whether the information ATF and the FBI sought to exempt from disclosure was appropriate.

Further, this Court has the undoubted authority to determine whether the information an agency claims as exempt from disclosure must be disclosed or may be protected from disclosure. *Quinon v. FBI*, 86 F.3d 1222, 1227 (D.C. Cir. 1996) ("FOIA directs trial courts to review *de novo* the applicability of the particular exemptions cited by the agency to the withheld documents." (citing 5 U.S.C. § 552(a)(4)(B)). As the Supreme Court explained, FOIA made "the District Court the enforcement arm of the statute" with "the express vesting of equitable jurisdiction in the district court," citing 5 U.S.C. § 552(a), and there is "little to suggest . . . that Congress sought to limit the

inherent powers of an equity court." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974); *see also Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 846 F.3d 1235, 1242 (D.C. Cir. 2017) ("This circuit's case law reflects the wide latitude courts possess to fashion remedies under FOIA, including the power to issue prospective injunctive relief."). This Court may draw on its equitable powers under FOIA to ensure that Plaintiffs comply with the terms of FOIA in a case initiated by Plaintiffs.

Second, preserving through a temporary protective order the Court's ability to exercise its authority to determine the applicability of FOIA exemptions is particularly important given the nature of the exemptions being claimed here. The Circuit explicitly stated that its ruling did not extend to information "subject to any independent legal prohibition on disclosure[.]" *Human Rights Def.*, 126 F.4th at 719. The Circuit gave "classified documents" as a non-exclusive example of information subject to an independent legal prohibition, but plainly a congressional directive that specific information be "withheld from the public in such a manner as to leave no discretion on the issue" would qualify as a legal prohibition independent of FOIA's other, more discretionary exemptions. *Id.*; § 552(b)(3).

Scattered throughout the Inadvertently Produced Document[1] are passages claimed exempt because Congress prohibited agencies from disclosing information from ATF's Firearms Trace System database. *See, e.g.*, ECF No. 32 at 5-6. Plaintiffs suggest that even if the protective order was partially justified by the existence of Exemption 3 material, the protective order should not apply to the pages in the Inadvertently Produced Document that do not contain this material. The problem with this argument is that allowing Plaintiffs to view or use any portion of the electronic

---

[1]   Inadvertently Produced Document refers to the 115-page PDF document ATF sent on September 6, 2023, containing hundreds of redaction markings in red boxes for FOIA exemptions being claimed by ATF and the FBI but which did not have the redactions permanently applied.

file effectively allows Plaintiffs access to all the information in that file, including information Congress exempted from disclosure. The only practical way to protect the claimed Exemption 3 material was to order the Inadvertently Produced Document be sequestered until the Court could decide the propriety of all claimed exemptions. Under the circumstances, the protective order is consistent with the "historic power of equity" to fashion "relief in light of the statutory purpose" at hand. *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960).

Third, another reason *Human Rights Defense* does not "foreclose[] the protective order" is the Inadvertently Produced Document contains the indicated redactions of a third-party, here, the FBI. This fact pattern was not present in *Human Rights Defense*. As explained previously, the actions of ATF cannot waive the FBI's exemption claims. *See* ECF No. 32 at 17-18. Plaintiffs did not dispute this assertion. *See* ECF No. 33 at 6.

Fourth, Plaintiffs' request to be released from the temporary order reflects a desire to obtain FOIA exempt material through a "clerical mistake" rather than the completion of the judicial process Plaintiffs initiated in bringing this suit. But "[w]hen rules alone do not provide courts with sufficient authority to protect their integrity and prevent abuses of the judicial process, the inherent power fills the gap." *Shepherd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1474 (D.C. Cir. 1995).

Fifth, the final argument in the Motion is a brief restatement of Plaintiffs' assertion that the protective order constitutes a "prior restraint" on "media" in violation of the First Amendment. *Human Rights Defense* did not address a First Amendment argument, and thus, the opinion does not aid Plaintiffs. Regardless, this argument has been addressed in ATF's summary judgment reply. *See* ECF No. 34 at 10-14. ATF respectfully directs the Court to that discussion.

## CONCLUSION

In sum, Plaintiffs' Motion to Lift the Protective Order should be denied. The ruling in *Human Rights Defense* does not "foreclose[] the protective order in place" because the order in that case was not a temporary protective order in aid of the Court's management of a judicial proceeding and explicitly did not extend to material protected by an "independent legal prohibition." In contrast, this Court's temporary protective order is fully consistent with the Court's statutorily granted equitable authority to determine on the merits what should be exempt from disclosure under FOIA.

Dated: March 26, 2025
       Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:      */s/ Sean Tepe*
SEAN M. TEPE, D.C. Bar #1001323
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2533

*Attorneys for the United States of America*