UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GUN OWNERS OF AMERICA, INC., *et al.*, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 21-2919 (ABJ) |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER

On July 23, 2025, the Court rendered its decision on the merits in this Freedom of Information Act ("FOIA") case. *See* Mem. Op. [Dkt. # 42]; Order [Dkt. # 43]. It found that all the information defendant marked for redaction in the thirteenth production fell properly under FOIA Exemptions 3, 6, 7(C), 7(D), and 7(E). Mem. Op. at 9–17. As a result, it granted defendant's motion for summary judgment, and it ordered plaintiffs: (1) to sequester the unredacted portions of the records produced in defendant's thirteenth production; and (2) not disseminate, disclose, or use for any purpose those portions of the records. *See* Order. On July 31, 2025, plaintiffs appealed the decision to the United States Court of Appeals for the District of Columbia Circuit. *See In re Gun Owners of America, Inc., et al.*, Case No. 25-5251 (July 31, 2025). And on August 7, 2025, plaintiffs moved to stay the Court's judgment pending appeal. *See* Mot. to Stay [Dkt. # 44] ("Mot."). Defendant has opposed the motion. *See* Mem. in Opp. to Mot. [Dkt. # 46] ("Opp.").

The court considers four factors in connection with a motion to stay: (1) whether the stay applicant has made a strong showing that they are likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009). The Supreme Court has explained that the first two factors "are the most critical." *Id*.

With respect to the first factor, "[i]t is not enough that the chance of success on the merits [is] better than negligible." *Id*. (internal quotation marks and citation omitted). Instead, it must be "substantial[.]" *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). The Court of Appeals has also observed that a movant's failure to satisfy

the stringent standard for demonstrating a likelihood of success on the merits is "an arguably fatal flaw for a stay application." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n ("CREW")*, 904 F.3d 1014, 1019 (D.C. Cir. 2018) (per curiam); *see Ark. Dairy Co-op Ass'n, Inc. v. U.S. Dep't of Agric.*, 573 F.3d 815, 832 (D.C. Cir. 2009) (affirming the denial of injunctive relief where the plaintiff failed to show likelihood of success on the merits).

The second factor, similarly, requires more than the mere "possibility of irreparable injury." *Nken*, 556 U.S. at 434 (internal quotation marks and citation omitted). "Irreparable harm must be 'both certain and great[,]' and 'actual and not theoretical.'" *CREW*, 904 F.3d at 1019, quoting *Wis. Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1985). Where there is a low likelihood of success on merits, a movant must show a proportionally greater irreparable injury, *see Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985), to warrant the "extraordinary remedy" of a stay. *Id.* at 978. The last two factors, "the harm to the opposing party and weighing the public interest . . . merge when the Government is the opposing party." *Nken*, 556 U.S. at 435.

None of the factors weigh in favor of granting the motion to stay. As to the first factor, plaintiffs repeat the arguments they made at summary judgment, and for all the reasons stated in the memorandum opinion, the Court cannot find that they have a substantial likelihood of success on the merits of those arguments. The Court has detailed why *Human Rights Defense Center v. United States Park Police ("HRDC")*, 126 F.4th 708 (D.C. Cir. 2025), did not control the outcome of this case: it was factually distinguishable because the agency in *HRDC* did not properly support its withholdings, and the withholdings here were both proper and undisputed by plaintiffs; and the majority of the information plaintiffs sought fell under Exemption 3, which *HRDC* specifically "expressed no opinion on." Mem. Op. at 18–22, citing 126 F.4th at 719. The Court has further explained its equitable authority to enter defendant's requested relief, which was supported by the law set out in *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1 (1974), and *Citizens for Responsibility and Ethics in Washington v. United States Department of Justice*, 846 F.3d 1235 (D.C. Cir. 2017). And the Court has explained why its order did not violate plaintiffs' rights under the First Amendment – they did not have a right to information that was properly exempt under the FOIA in the first place, let alone a right to publish that information. Mem. Op. at 29, citing *McGehee v. Casey*, 718 F.3d 1137, 1147 (D.C. Cir. 1983).

For a similar reason, the irreparable harm factor fails. Plaintiff claims that the Court's order has injured their First Amendment right "to print the news," but again, the Court has already found that they do not have the right to publish information that is exempt from release under FOIA. Moreover, plaintiffs' insistence that they "seek to report and publish" the information they inadvertently received, *see e.g.*, Mot. at 6, shows exactly why the public interest would be harmed if the Court were to grant the motion – if the Court were to stay its order, plaintiffs would undoubtedly publish governmental information that they are *not* entitled to under both FOIA and

the Tiahrt Amendment to the Consolidated Appropriations Resolution of 2003, Pub. L. No. 108-7, 117 Stat. 11 (2003).  The records at issue contain information from the ATF's Firearm Tracing System, and information concerning law enforcement techniques and procedures, and public release could enable individuals to circumvent the very systems, procedures, and techniques that the records describe.

Therefore, because none of the factors weigh in favor of granting the stay, plaintiffs' motion [Dkt. # 44] is **DENIED.**

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  August 22, 2025